529 P.2d 1369 (1974)
David HAHL, d/b/a Hahl's Decorating, Plaintiff-Appellee,
v.
LANGFUR CONSTRUCTION CORP., a Colorado corporation, and United States Fidelity & Guaranty Co., Defendants-Appellants.
No. 73-467.
Colorado Court of Appeals, Div. II.
December 24, 1974.
*1370 Tague, Goss, Schilken & Beem, P. C., Littleton, Clifford Beem, Denver, Joseph H. Miller, Jr., Littleton, for plaintiff-appellee.
Ronald S. Loser, Littleton, for defendants-appellants.
Not Selected for Official Publication.
SMITH, Judge.
Defendants Langfur Construction Corporation and United States Fidelity and Guaranty Company have appealed from a judgment of the trial court awarding plaintiff David Hahl, d/b/a Hahl's Decorating, damages on his contract claim of $2,478 with interest at the rate of eight percent. We affirm.
Defendant Langfur was a general contractor engaged in remodeling a building in downtown Denver belonging to the University of Colorado. Plaintiff and Langfur entered into a subcontract agreement under which plaintiff was to do the interior and exterior painting in accordance with plans and specifications prepared by the project architects and for an agreed upon, fixed price. The plans and specifications generally called for complete painting of all surfaces throughout the interior and exterior of the building except as otherwise specified; however, the evidence showed that, in reality, it was not within the contemplation of the parties that all exterior surfaces were to be painted pursuant to this clause. Plaintiff was, in fact, paid for exterior painting of certain masonry work as an extra. The plans and specifications make no reference to the painting of certain exterior window sills, frames, and cornices. When asked to paint these, plaintiff informed Langfur's project superintendent that he believed the painting of these windows and cornices would constitute an extra, for which he should be paid in addition to the contract price. The evidence shows that Langfur considered that this work was an extra; that he told plaintiff to go ahead with the work; and that he assured plaintiff that he would contact the project architect to try to get the money. Plaintiff then completed the work, and submitted his bill for $2,478. There is no dispute between the parties as to the reasonableness of this figure.
The trial court determined, in essence, that the plans and specifications were ambiguous as to which windows and cornices were to be painted, and that this particular work was not within the contemplation of plaintiff and Langfur at the time they entered into the original agreement. Whether or not a contract is ambiguous is generally a question of law for the court. Metropolitan Paving Co. v. City of Aurora, 449 F.2d 177 (10th Cir.). Our examination of the contract convinces us of the correctness of the trial court's conclusion that the contract is ambiguous. Moreover, the evidence is sufficient to support the trial court's resolution of this ambiguity in favor of the plaintiff.
Defendant Langfur argues, and the subcontract agreement provides, that any extra work performed under the subcontract agreement must be preceded by a written agreement. Although plaintiff and Langfur agreed upon the extras for which plaintiff was awarded compensation, this agreement supplementing the original written contract was not reduced to writing. However, a provision in a written contract providing that alterations or extras must be ordered in writing can be dispensed with by the parties to the contract where their words, acts, or conduct amount to a waiver, modification, rescission, abrogation, or abandonment of such a provision, or where the contractor by his acts or conduct is estopped to deny it. Sisters of Charity v. Burke, 22 Colo.App. 230, 124 P. 472. Here, the fact that Langfur considered that this painting was an "extra" and the fact that he was willing to seek additional compensation for plaintiff from the project architect are sufficient to support *1371 the conclusion that Langfur waived the provision in the subcontract agreement requesting that "extras" be in writing.
Langfur urges that Hennessey v. Fleming Bros., 40 Colo. 27, 90 P. 77, is controlling and mandates that plaintiff's work is not an extra. Hennessey, however, stands only for the proposition that unanticipated difficulties encountered in the performance of the work, which increase the workman's cost, will not be considered "extras" in a contract to accomplish a particular task for a fixed amount of money. In the instant case, the issue is not how or with what materials the work was to be completed, or what amount of time would be required, but rather, what work was to be done. We do not therefore view Hennessey as controlling.
Langfur also argues that because the trial court made no finding that there was a written contract with plaintiff for the extra work, the eight percent assessed on plaintiff's damages should not be applicable. We find this argument to be without merit. C.R.S.1963, 86-7-6(2), relating to contractors performing work on public buildings, required that Langfur, before commencing work execute a bond wherein his surety would be bound, in the event Langfur failed to pay for any labor or materials used on the project, to pay the same together with interest on the same at the rate of eight percent per annum.
Even though the agreement to paint the windows and cornices was not in writing, the evidence established an agreement between the parties that this work be done, and plaintiff did in fact complete the work with the approval of Langfur. He therefore was entitled to be paid for this work over and above the original contract price plus eight percent interest.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.